Filed 3/25/21  P. v. McClendon CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>MICHAEL TYRONE MCCLENDON,<br><br>  Defendant and Appellant. | F080310<br><br>(Super. Ct. No. MF013380A)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of  Kern County.  John R. Brownlee, Judge.

Lynette Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and R. Todd Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Hill, P.J., Poochigian, J. and Franson, J.

Defendant Michael Tyrone McClendon contends on appeal that his two one-year prior prison term enhancements should be stricken pursuant to Penal Code section 667.5, subdivision (b),[1] as amended by Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136). The People agree that defendant's prior prison term enhancements should be stricken. We vacate the sentence, and remand to the trial court with directions to strike the prior prison term enhancements and resentence defendant.

## PROCEDURAL SUMMARY

On May 23, 2019,[2] the Kern County District Attorney filed an information charging defendant with kidnapping (§ 207, subd. (a); count 1), two counts of making a criminal threat (one on April 27 and the other on April 28) (§ 422; counts 2 & 3), false imprisonment (§§ 236, 237, subd. (a); count 4), and three counts of misdemeanor domestic battery (on March 27, April 24, and April 27) (§ 243, subd. (e)(1); counts 5, 6, & 7). As to counts 1 and 2, the amended information alleged defendant had served two prior prison terms (§ 667.5, subd. (b)).

On October 3, the jury found defendant guilty on counts 2, 3, 6, and 7, but not guilty on counts 1, 4, and 5.

On October 4, in a bifurcated proceeding, the trial court found true the allegations that defendant had served two prior prison terms. The prior prison terms were served for a 2015 conviction of inflicting corporal injury on a spouse or cohabitant (§ 273.5, subd. (a)) and a 2012 conviction of possession of a firearm by a felon (former § 12021, subd. (a)(1)).

On November 1, the trial court sentenced defendant to five years in prison as follows: on count 2, a three-year term (the upper term) plus two one-year prior prison

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] All further dates refer to the year 2019 unless otherwise stated.

2.

term enhancements; on count 3, a concurrent three-year term (the upper term); on count 6, a concurrent one-year jail term; and on count 7, a concurrent one-year jail term.

On November 14, defendant filed a notice of appeal.

## **DISCUSSION**[3]

Defendant argues his prior prison term enhancements must be stricken based on the retroactive application of Senate Bill 136. The People agree, as do we.

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b).) (Stats. 2019, ch. 590, § 1.) That amendment applies retroactively to all cases not yet final on Senate Bill 136's effective date. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342, citing *In re Estrada* (1965) 63 Cal.2d 740, 742.)

Here, the trial court imposed two one-year section 667.5, subdivision (b) prior prison term enhancements for terms served for a conviction of inflicting corporal injury on a spouse or cohabitant (§ 273.5) and possession of a firearm by a felon (former § 12021, subd. (a)(1)), neither of which is a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). On January 1, 2020, defendant's case was not yet final. Therefore, as the parties agree, defendant is entitled to the ameliorative benefit of Senate Bill 136's amendment to section 667.5, subdivision (b). Defendant's prior prison term enhancements must therefore be stricken.

Where a portion of a sentence must be stricken, remand for " 'a full resentencing as to all counts is [generally] appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th

---

[3]     Because defendant raises only sentencing issues, the facts underlying the offenses are not relevant and are omitted from this opinion.

857, 893.)  But remand is unnecessary where the trial court has imposed the maximum possible sentence.  (*People v. Lopez, supra*, 42 Cal.App.5th at p. 342.)

Here, defendant was not sentenced to the maximum possible sentence—the trial court found consecutive sentences could be imposed on counts 2 and 3, but it elected to impose concurrent sentences instead.[4]  We therefore direct the trial court to strike defendant's prior prison term enhancements and resentence defendant.

## **DISPOSITION**

Defendant's sentence is vacated and the matter is remanded to the trial court.  On remand, the trial court is directed to strike defendant's two prior prison term enhancements (§ 667.5, subd. (b)) and resentence defendant.  The trial court is directed to prepare an amended abstract of judgment and forward a copy of the amended abstract of judgment to the appropriate entities.

---

[4]     Based on the trial court's finding, it could have imposed a consecutive term of eight months on count 3 instead of a concurrent term.  (§§ 18, 422, 654, 669, 1170.1; California Rules of Court, rule 4.425.)